IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TRACY A MILLER,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| VS. | : NO. 5:23-CV-00478-TES-CHW |
| | : |
| **GEORGIA DEPARTMENT OF** | : |
| **COMMUNITY SUPERVISION,** | : |
| *et al.*, | : |
| | : |
| **Defendants.** | : |

## ORDER AND RECOMMENDATION

Plaintiff Tracy A. Miller, a parolee housed in the Bostick Nursing Center in Milledgeville, Georgia, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). A previous case filed by Plaintiff, No. 5:23-cv-00409-TES-CHW, was also consolidated into the above-captioned action, and the complaint in that case was docketed in this case as a recast complaint (ECF No. 5). Also pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* in this action (ECF No. 2), a motion to compel (ECF No. 3), two additional recast complaints (ECF Nos. 6, 7), three motions for preliminary injunctive relief or a protective order (ECF Nos. 8, 10, 11), two motions to clarify (ECF Nos. 9, 12), and a motion for an evidentiary hearing (ECF No. 13).

## DISCUSSION

### I.      Motion to Proceed *In Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis* in this case (ECF No. 3). Plaintiff has

alleged he is a parolee who is presently housed in the Bostick Nursing Center. Compl. 1, ECF No. 1. Plaintiff's pleadings suggest he is not free to leave Bostick Nursing Center, however, and it appears he is compelled to reside there as a condition of his release. *See, e.g., id.* at 7 ("Plaintiff is physically confined and or restrained to a particular Bostic institution by terms of his parole <u>Bostic only</u>."). It is therefore unclear whether Plaintiff is a "prisoner" for purposes of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A(c) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see Harris v. Garner*, 216 F.3d 970, 974-80 (11th Cir. 2000) (observing that PLRA would not apply to parolee who was no longer confined at the time the lawsuit was filed). *But see Jackson v. Johnson*, 475 F.3d 261, 264 (5th Cir. 2007) (holding that the PLRA applies to parolee who was compelled to reside in privately owned halfway house following his release).

Plaintiff's status as a "prisoner" under the PLRA is relevant to his motion to proceed *in forma pauperis* for at least two reasons. First, the payment obligation of an indigent non-incarcerated litigant is different than that of an indigent prisoner. *See DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). When granted IFP status, a non-prisoner litigant does not have to pay any filing fee; the entire fee is waived. *Id.* Prisoners, on the other hand, are only permitted to proceed without prepayment of the fee and are otherwise still obligated under the PLRA to pay the full fee, though the payment may be made in

installments.  *See* 28 U.S.C. § 1915(b).

Perhaps more importantly, the PLRA also bars "prisoners" from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  Once a prisoner incurs three strikes, the prisoner may not proceed *in forma pauperis* unless he is in imminent danger of serious physical injury.  *Medberry*, 185 F.3d at 1192.  Plaintiff has acquired three strikes within the meaning of § 1915(g).  *See, e.g.,* Order & Recommendation, *Miller v. Nelson*, ECF No. 3 in Case No. 1:13-cv-00480-TWT (N.D. Ga. Mar. 13, 2013) (identifying Plaintiff as three-striker and recommending dismissal of case pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Miller v. Nelson*, ECF No. 5 in Case No. 1:13-cv-00480-TWT (N.D. Ga. Apr. 15, 2013) (adopting recommendation of dismissal).

At this early stage, the Court cannot determine whether the PLRA applies to this case, and it is evident from Plaintiff's submissions that he cannot now pay the Court's filing

fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** at this time, and Plaintiff's motion to compel the business administrator of Bostick Nursing Home to sign an account certification form (ECF No. 3) is **DENIED as moot.** If Plaintiff's case proceeds past the screening required by 28 U.S.C. § 1915(e), however, Plaintiff's IFP status may be revoked if appropriate. *Cf., e.g., McLeod v. Sec'y, Fla. Dep't Corrs.*, 778 F. App'x 663, 664 (11th Cir. 2019) ("Once a district court has made an initial finding of imminent danger, it retains the authority to revisit that determination and revoke IFP status when new evidence bearing on the IFP determination comes to light.").

## II. Motions for Preliminary Injunctions or Protective Orders

Plaintiff has also filed three motions seeking a preliminary injunction or protective order (ECF Nos. 8, 10, 11). These types of preliminary injunctive relief are drastic remedies used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to preliminary injunctive relief include: (1) a substantial likelihood of ultimate success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction would serve the public interest. *See, e.g., Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Plaintiff does not clearly address these factors in his motions. Rather, Plaintiff simply appears to reiterate his claims that Defendants have established unreasonable policies at Bostick Nursing Home concerning parolees, have failed to implement other policies, and have retaliated against him for his filings. *See, e.g.,* Mot. Protective Order 2-3, ECF No. 8 (requesting an order directing parole officers to wear body cameras when interacting with parolees); *see also* Mot. Protective Order 1, 14, ECF No. 10 (requesting protective order requiring Defendants to stop retaliating against him). Plaintiff also appears to challenge the substantive decision concerning his treatment as a parolee and the conditions of parole. Mot. Protective Order 3, ECF No. 8 (challenging decision to prescribe him with an antipsychotic medication "without his consent in retaliation for filing lawsuits and grievances"); Mot. Protective Order. 4-9, ECF No. 10 (challenging special conditions of parole); *id.* at 10-12 (arguing that application of certain conditions of parole "violated the ex post facto clause"); *id.* at 14 (stating that Defendants "imposed illegal restriction that no resident [at Bostick Nursing Home] could come out of their room because some residents have cold or flu like symptoms"). He apparently also seeks to restrain Defendants from sending him "back to prison for failure to take medication and false claim of alcohol use," among other things. Mot. Protective Order 3, ECF No. 8; Mot. Prelim. Inj. 1, ECF No. 11 (stating that Defendants "manufactured evidence and falsely accused him of alcohol use and force antipsychotic drug . . . and falsely accused him of domestic violence").

At this juncture, the facts have not been sufficiently developed to conclude that there

5

is a substantial likelihood that Plaintiff will ultimately prevail on the merits of his claims. This is particularly true given that Plaintiff must recast his complaint to define the scope of this litigation, as described below. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. *See generally* Fed. R. Civ. P. 65. Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.[1] Plaintiff's motions for a preliminary injunction or protective order should therefore be denied.

### III.   Order to Recast Complaint

Plaintiff has filed nearly 175 pages of documents that appear to contain factual allegations that may be relevant to this action. In addition to the Complaint filed in this case (ECF No. 1) and the recast complaint from Case Number 5:23-cv-00409-TES-CHW

---

[1] The Court notes that to the extent Plaintiff requests that the Court intervene in what appears to be ongoing parole revocation proceedings, his claims for injunctive relief would likely implicate the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971); *see also* Attach. 2 to Mot. Prelim. Inj. 1, ECF No. 10-2 (findings and recommendation from December 5, 2023 preliminary hearing stating that Plaintiff violated conditions of release). Pursuant to *Younger,* federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Younger*, 401 U.S. at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (per curiam) (district court did not abuse discretion when it dismissed prisoner's action challenging parole revocation proceedings under *Younger* doctrine).

(ECF No. 5), Plaintiff has filed two additional documents that have been docketed as recast complaints (ECF Nos. 6, 7). Plaintiff has also filed two "motions to clarify" (ECF Nos. 9, 12) that are—as best as the Court can tell—Plaintiff's attempts to clarify his claims rather than requests for the Court to clarify its orders. In one motion, Plaintiff suggests that Defendants are threatening to revoke his parole and keep him confined to Bostick Nursing Center if he does not stop filing grievances and if he does not take his prescribed antipsychotic medication. Mot. to Clarify 2, ECF No. 9. In the other, Plaintiff appears to suggest that this case is actually a federal habeas corpus action and seems to raise challenges to his criminal conviction, and he also questions the decision to label him as "a domestic violence offender" prior to his release on parole. Mot. to Clarify 1, ECF No. 12. *But see* Compl. 4, ECF No. 1 (Plaintiff's assertion that "he does not seek habeas relief" in this case). Plaintiff's multiple motions for preliminary injunctive relief may also contain factual allegations Plaintiff wishes the Court to consider in resolving his claims, and he has attached various photographs to his pleadings that indicate he may be suffering from some sort of medical condition for which he is seeking treatment from Defendants. *See, e.g.,* Attach. 1 to Compl. 1, ECF No. 1-1. It is thus necessary to clarify the scope of this litigation.

Plaintiff is accordingly **ORDERED** to entirely recast his Complaint to include all amendments and facts he wishes to make a part of this case. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name

only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast

complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. In addition, Plaintiff should not include any habeas corpus claims in this action. If Plaintiff intends to file a habeas corpus case, he must file a **separate action** clearly marked as such. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1), the previously-filed Recast Complaints (ECF Nos. 5, 6, 7), and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety. This ten-page limit includes (and is not in addition to) the pages of the Court's standard form.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly

stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form. Because the recast complaint will define the scope of the present litigation, Plaintiff's motions to clarify (ECF Nos. 9, 12) and his motion for an evidentiary hearing (ECF No. 13) are **DENIED as moot.**

### IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** at this time, but Plaintiff's motions to compel (ECF No. 3), to clarify (ECF Nos. 9, 12), and for an evidentiary hearing (ECF No. 13) are **DENIED as moot.** In addition, it is **RECOMMENDED** that Plaintiff's motions for a preliminary injunction or a temporary protective order (ECF Nos. 8, 10, 11) be **DENIED.**

Plaintiff is also **ORDERED** to file his recast complaint with the Clerk of Court as described above within **FOURTEEN (14) DAYS** from the date shown on this Order. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court of any change of address. There shall be no service of process in this case until further order of the Court.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District

Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 1st day of February, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11