IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY A. MILLER. | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:23-cv-000478-TES-CHW** |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| COMMUNITY SUPERVISION, *et al.*, | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff Tracy A. Miller, a parolee who was granted clemency by the Georgia State Board of Pardons and Paroles, filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983. (Doc. 1). Consistent with the Court's order and recommendation, (Doc. 24), the clerk issued service paperwork for the remaining defendant, the Chairman of the Georgia State Board of Pardons and Paroles, on June 10, 2024. (Doc. 25). When Plaintiff appeared for a hearing in a different case and referenced the instant case, the Court inquired into its status and found that no return of service appeared on the docket and that Plaintiff had not filed anything in this case since a change of address notice on July 22, 2024. (Doc. 32). Following the Court's inquiry, the clerk discovered that the mailed waiver of service paperwork had been returned unexecuted on July 12, 2024, but had not been docketed in the case. *See* (Doc. 34) (entered upon the Docket on Jan. 28, 2026).

When a Plaintiff is allowed to proceed *in forma pauperis*, he is entitled to rely on the Court to effect service. "*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect

1

service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Even so, *in forma pauperis* litigants may not remain silent and do nothing to help effectuate service of process. *Id*. At a minimum, an *in forma pauperis* litigant should request service upon the appropriate defendants and attempt to remedy any apparent service defects of which he has knowledge. *Id*. Also at play is Rule 4(m) of the Federal Rules of Civil Procedure, which governs the time for service and the procedure for when service has not been made. Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This case is far beyond the 90 day service period contemplated by Rule 4(m). However, because no document appeared on the Docket to highlight an issue with service and the Court and Plaintiff together failed to discover the issue until recently, the Court chooses to exercise its discretion, *sua sponte,* to extend the time for service in this case under Rule 4(m).

The Court **DIRECTS** the Clerk of Court to issue a summons for **<u>personal service</u>** for the remaining defendant, the Chairman of the Georgia State Board of Pardons and Paroles, 2 Martin Luther King, Jr. Drive SE, Suite 430, Balcony Level, West Tower, Atlanta, GA 30334.

**SO ORDERED**, this 11th day of February, 2026.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge
